UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ERIN CARTER,                              )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )     Case No. CIV-21-891-P
                                          )
KILOLO KIJAKAZI,                          )
Acting Commissioner of the                )
Social Security Administration,           )
                                          )
        Defendant.                        )

**ORDER**

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final

decision of Defendant Commissioner denying her application for supplemental

security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C.

Section 1382. Defendant has answered the Complaint and filed the administrative

record (hereinafter AR___), and the parties have briefed the issues. For the following

reasons, Defendant's decision is affirmed.

 I.      Administrative History and Agency Decision

        Plaintiff protectively filed her applications for disability insurance benefits

("DIB") and SSI on March 21, 2019, alleging disability began on September 14,

2001. AR 12. The Social Security Administration ("SSA") denied Plaintiff's claim

for DIB because she had not worked long enough to be considered for the same. *Id.*

Plaintiff did not appeal this decision. The SSA also denied Plaintiff's claim for SSI

initially and on reconsideration. *Id.* Plaintiff and a vocational expert ("VE")

appeared and testified at a telephonic hearing before an Administrative Law Judge

("ALJ") on November 6, 2020. AR 30-85. The ALJ issued an unfavorable decision

on December 4, 2020. AR 9-26.

Following the agency's well-established sequential evaluation procedure, the

ALJ found Plaintiff had not engaged in substantial gainful activity since March 21,

2019, the application date. AR 14. At the second step, the ALJ found Plaintiff had

the following severe impairments: schizophrenia spectrum disorder, depression,

generalized anxiety disorder, post-traumatic stress disorder, and substance addiction

disorder. AR 15. At the third step, the ALJ found Plaintiff's impairments were not

*per se* disabling as Plaintiff did not have an impairment or combination of

impairments meeting or medically equaling the requirements of a listed impairment.

AR 16.

At step four, the ALJ found Plaintiff had the residual functional capacity to

perform a full range of work at all exertional levels with the following non-exertions

limitations:

> [T]he claimant can understand, remember, and carry out simple
> instructions, but not detailed or complex instructions. The claimant can
> make judgments on simple work-related decisions, but not detailed or
> complex work-related decisions. Within [] the context described above,
> the claimant has the concentration, persistence, and pace to work full-
> time, eight hours per day (with normal breaks) and forty hours per week
> on an ongoing basis. The claimant is able to interact appropriately with
> co-workers and supervisors on an occasional work basis. The claimant

cannot interact appropriately with the public. The claimant is able to respond appropriately to usual work situations and to changes in a routine work setting.

AR 18.

At step five, the ALJ, relying on the VE's testimony, determined Plaintiff could perform the following jobs existing in significant numbers in the national economy: window cleaner, floor waxer, and sweeper/cleaner. AR 25. As a result, the ALJ concluded Plaintiff had not been under a disability, as defined by the Social Security Act, from March 21, 2019 through the date of the decision. *Id.*

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009).

II.     Standard of Review

The Social Security Act authorizes payment of benefits to an individual with disabilities. 42 U.S.C. § 401, *et seq*. A disability is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months[.]" 42 U.S.C. § 1382c(a)(3)(A). Both the "impairment" and the "inability" must be expected to last no less than twelve months. *Barnhart v. Walton*, 535 U.S. 212 (2002).

The Court must determine whether Defendant's decision is supported by substantial evidence in the record and whether the correct legal standards were applied. *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, ___ U.S.___, 139 S. Ct. 1148, 1154 (2019). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations omitted).

The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation, quotations, and alteration omitted). The Court must also be mindful that reviewing courts may not create post-hoc rationalizations to explain Defendant's treatment of evidence when that treatment is not apparent from the decision itself. *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) (citing, *e.g., Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004); *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)).

 III.   VE Hypotheticals

During the administrative hearing, the ALJ proposed two different hypotheticals to the VE, inquiring whether under each the individual described could

perform jobs existing in the national economy. AR 79-83. Following the first

hypothetical, which matched the ALJ's ultimate determination of Plaintiff's RFC,

the VE testified that the described individual could perform three jobs: window

cleaner, floor waxer, and sweeper cleaner. AR 79-82. Following the second

hypothetical, which differed from the ALJ's eventual RFC determination, the VE

testified that no jobs were available in the national economy for the individual

described. AR 82-83.

On appeal, Plaintiff complains that the ALJ did not discuss the second

hypothetical in his decision. Op. Br. at 13-15. However, an ALJ is not required to

address a proposed hypothetical that includes limitations the ALJ does not ultimately

adopt.

> There is no requirement that the ALJ [] analyze the VE's testimony
> regarding limitations that the ALJ ultimately does not accept into the
> RFC. *See Clifton v. Chater*, 79 F.3d 1007, 1009-1010 (10th Cir. 1998)
> (ALJ is not required to discuss every piece of evidence). To the
> contrary, a VE's testimony may provide substantial evidence to support
> an ALJ's findings regarding the jobs a claimant can perform only where
> the hypothetical question "reflect[s] with precision all of [claimant's]
> impairments" and limitations that are "borne out by the evidentiary
> record." *Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996).
>
> Moreover, "[a]n ALJ is not bound by VE testimony in response to a
> hypothetical that fails to set forth only those impairments the ALJ has
> accepted as true." *Ruth v. Astrue*, 369 F. App'x 929, 931 (10th Cir.
> 2010) (citing *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990)).
> "By posing a particular hypothetical, an ALJ does not confine herself
> to making an RFC determination mirroring the hypothetical
> limitations." *Id.* If this were the case, then the ALJ would be precluded
> from posing more than one hypothetical. *See id.* at 931 n.2.

*Katrina Louise K. v. Saul*, No. 18-CV-208-JFJ, 2019 WL 4751550, at *5 (N.D. Okla. Sept. 30, 2019). Thus, Plaintiff's claim of error regarding the ALJ's failure to discuss a hypothetical in his decision that did not reflect the ultimate RFC is without merit.

IV.  Duty to Develop the Record

Plaintiff also asserts, without support or explanation, that the ALJ failed in his duty to fully develop the record. Op. Br. at 15. The ALJ is required to develop the record for "at least" the twelve months preceding the application date. 20 C.F.R. Section 416.912(b). Because a disability hearing is nonadversarial, an ALJ is obligated to develop the record even where, as here, a plaintiff is represented by counsel. *Thompson v. Sullivan*, 987 F.2d 1482, 1492 (10th Cir. 1993); *see also Wall*, 561 F.3d at 1062-63 ("[A]dministrative disability hearings are nonadversarial and the ALJ has a duty to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." (quotations omitted)). Specifically, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996); *see also Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008) ("[W]hen the ALJ considers an issue that is apparent from the record, he has a duty of inquiry and factual development with respect to that issue.").

Here, however, Plaintiff does not reference any records the ALJ failed to

obtain, nor an investigation or consultative examination the ALJ failed to conduct or

order. In a social security appeal, courts "will consider and discuss only those . . .

contentions that have been adequately briefed." *Keyes-Zachary v. Astrue*, 695 F.3d

1156, 1161 (10th Cir. 2012). "[I]ssues adverted to in a perfunctory manner,

unaccompanied by some effort at developed argumentation, are deemed waived."

*Murrell v. Shalala*, 43 F.3d 1388, 1390 n.2 (10th Cir. 1994) (citation omitted).

Accordingly, Plaintiff's conclusory assertion of error that the ALJ failed to fully

develop the record does not provide a basis for reversal.

 V.    Subjective Complaints

Though not a model of clarity, Plaintiff argues that, in developing the RFC,

the ALJ erred in his consideration of her subjective complaints. Op. Br. at 15-17. To

the extent this was Plaintiff's intent, the ALJ's decision negates her assertion in that

he extensively discussed Plaintiff's subjective reporting of her symptoms and

limitations.

This Court's review of the ALJ's consideration of Plaintiff's subjective

complaints is guided by two principles. First, such "determinations are peculiarly

the province of the finder of fact, and [the Court] will not upset such determinations

when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th

Cir. 1995). Second, "findings as to [subjective reports] should be closely and

affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id.* (additional alteration omitted).

In her Opening Brief, Plaintiff discusses her administrative hearing testimony wherein she stated various symptoms and limitations she experiences. Op. Br. at 15-17. As Defendants note, Plaintiff makes no attempt to explain how this testimony conflicts with the RFC.

In his decision, the ALJ *thoroughly* set forth Plaintiff's subjective reports – those reported in written submissions to the SSA, reported by her attorney, reported by her daughter, and those she reported in her administrative hearing testimony. AR 19-23. Plaintiff's subjective complaints relate primarily to mental limitations. *Id.* The ALJ then analyzed the medical record, including treatment records as well as medical opinions. AR 22-24. Citing to specific portions of the record, the ALJ noted several instances over an almost two year period in which Plaintiff reported her mental status was much improved and stable when she was taking medications, as well as several examples wherein her mental status deteriorated when she was noncompliant with her medication. AR 23-24 (citing AR 284, 304, 307, 310). *See Quails v. Apfel*, 206 F.3d 1368, 1372-73 (10th Cir. 2000) (affirming ALJ's evaluation of the plaintiff's subjective complaints where the ALJ relied on the plaintiff's failure to attempt to alleviate symptoms through medication).

Turning to Plaintiff's physical limitations, the only limitation she notes in this portion of her Opening Brief is that during her last job working at a thrift store, her back hurt. Op. Br. at 15. She then states, "[Plaintiff] has testified and medical records show that she has asthma, headaches, back pain, feet pain and trouble gripping." *Id.* at 16. As an initial matter, the Court notes, "[T]he existence of an impairment, alone, is insufficient to establish that one is disabled. Rather, the impairment must result in the inability to do . . . any [] substantial gainful activity. 20 C.F.R. 416.905(a)." *Chacko v. Berryhill*, No. CIV-18-455-HE, 2018 WL 8899304, at *3 (W.D. Okla. Dec. 18, 2018) (quoting *Hood v. Chater*, No. 95-1047, 1995 WL 643161, at *2 (10th Cir. Nov. 2, 1995)).

The medical record pertaining to Plaintiff's conditions apart from her mental impairments is quite limited and the ALJ specifically considered those portions of the record pertaining to the same. AR 22-23.

> [O]n March 8, 2017, the claimant presented to Open Arms Clinic for follow up after being hospitalized overnight in February with chest pain and reflux. She was told her symptoms were not related to her heart and medications were changed from Dexilant to Famotidine. Upon examination, the claimant was well developed and morbidly obese. She was in no acute distress. She had normal motor strength and tone. She had normal movement of all extremities. Mental status: normal mood and affect. She was active and alert. Her remote memory was normal. Christina Key, NP, assessed the claimant with dizziness, lightheadedness, intolerant of cold and acid reflux. On August 23, 2017, the claimant presented to the clinic for follow up on her hypertension. Her blood pressure was well-controlled on Carvedilol and Lisinopril/HCTZ. She denied any chest pain or shortness of breath. . . . Christina Key, NP, assessed the claimant with essential hypertension,

coronary atherosclerosis, and PTSD per patient report. On May 22, 2018, the claimant presented with cough and shortness of breath, worsening over the past few weeks. Upon examination, the claimant was again in no distress. Claimant had no dyspnea. Auscultation: no rales, crackles or rhonchi and breath sounds were normal and expiratory wheezing. Her heart had regular rate and rhythm. Christina Key, NP, assessed the claimant with asthma, cough per claimant report, dyspnea per claimant report, acute exacerbation of asthma, low back pain, pain in coccyx per claimant report, hypertensive disorder, an adult health examination for dental referral for routine exam and cleaning.

*Id.* (citations omitted).

Based on the above, it is clear the ALJ clearly considered the medical evidence pertaining to Plaintiff's physical impairments and concluded that not only did Plaintiff not suffer from a severe physical impairment, her impairments did not result in any physical limitations. The ALJ's conclusion in this regard is supported by substantial evidence.

The ALJ considered the appropriate factors in evaluating Plaintiff's subjective reports, including the medical record, the effectiveness of medications, and her failure to comply with treatment and medication plans. AR 20-25. Further, Plaintiff does not cite to any evidence contradicting the ALJ's findings and/or undermining his conclusions. Thus, the Court finds no grounds for reversal in the ALJ's assessment of Plaintiff's subjective reports. *See Alarid v. Colvin,* 590 F. App'x 789, 795 (10th Cir. 2014) ("In citing what he contends is contrary evidence [to the ALJ's conclusion regarding the severity of the claimant's impairments], Mr. Alarid is asking us to reweigh the evidence, which we cannot do."); *Morgan v. Berryhill*, No.

CIV-17-413-BMJ, 2018 WL 652335, at \*6 (W.D. Okla. Jan. 31, 2018) ("Plaintiff

has failed to show that the ALJ ignored or misstated evidence in his credibility

assessment, and this Court will not reweigh that evidence. So, the Court [] finds no

grounds for reversal."); *Cummings v. Colvin*, No. CIV-14-539-L, 2015 WL

3960899, at \*1, \*10 (W.D. Okla. June 29, 2015) (rejecting the plaintiff's challenge

to the ALJ's assessment of the plaintiff's subjective complaints where the ALJ

considered the testimony upon which the plaintiff relied, finding that the court could

not reweigh the same evidence).

VI.    Listing 12.15

Plaintiff next contends the ALJ erred at step three of the sequential evaluation

by finding she did not meet Listing 12.15. Op. Br. at 17-18. At step three, a claimant

has the "burden to present evidence establishing her impairments meet or equal listed

impairments[.]" *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). To

satisfy this burden, a claimant must establish that her impairment "meet[s] all of the

specified medical criteria. An impairment that manifests only some of those criteria,

no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530

(1990) (emphasis omitted). "To show that an impairment or combination of

impairments meets the requirements of a listing, a claimant must provide specific

medical findings that support each of the various requisite criteria for the

impairment." *Lax v. Astrue*, 489 F.3d 1080, 1085 (10th Cir. 2007). If the evidence

implicates a specific listing, the ALJ is required to evaluate whether the claimant meets or equals that listing. *Clifton*, 79 F.3d at 1009.

Listing 12.15 requires the presence of both the "A" criteria, which address the diagnostic presence of an affective disorder, and the "B" or "C" criteria, which address the severity of the impairment. 20 C.F.R. Pt. 404, Subpt. P, Appendix I, Section 12.15 (effective through April 1, 2021). Plaintiff asserts the ALJ found she met the A criteria, although the ALJ never addressed the A criteria. Op. Br. at 17; AR 16-18. Plaintiff specifically contends the ALJ erred in his finding that she did not meet the C criteria. The "C" criteria require a mental disorder that is "serious and persistent" as well as evidence of both (1) "[m]edical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and diminishes the symptoms and signs of [one's] mental disorder"; and (2) "[m]arginal adjustment, that is, . . . minimal capacity to adapt to changes in [one's] environment or to demands that are not already part of [one's] daily life. 20 C.F.R. Pt. 404, Subpt. P, Appendix I, § 12.15.

The ALJ found Plaintiff did not have "an impairment or combination of impairments that meets or medically equals one of the listed impairments," including Listing 12.15. AR 16-17. The ALJ found that although Plaintiff had severe mental impairments, the record did not support the level of severity required to meet Listing 12.15. The ALJ did not expressly reference Plaintiff's PTSD but addressed

Plaintiff's mental impairments in combination. *Id.* In addressing the C criteria, the

ALJ explained,

> In this case, the evidence fails to establish the presence of the "paragraph C" criteria. The claimant does not have two (2) years of medically documented history and evidence of both 1) medical treatment, mental health therapy, psychosocial support, or highly structured setting that is ongoing and that diminishes symptoms and signs of the mental disorder; <u>and</u> marginal adjustment, that is, minimal capacity to adapt to changes in the environment or demands that are not already part of daily life. Dr. Swisher and Dr. Eckert each independently examined the evidence and both agree that the evidence does not establish the presence of the "paragraph C" criteria.

AR 18.[1]

In arguing the ALJ erred in reaching this conclusion, Plaintiff first states that

she had been under medical treatment from Hope Community Services for more than

two years prior to the hearing. Op. Br. at 18. However, as the ALJ noted in his

decision, Plaintiff received treatment from Hope Community Services from July

2018 to July 2019. AR 23 (citing 282-329). Plaintiff also cites to her daughter's

report that Plaintiff had minimal capacity to adapt to change, that she never lived

alone due to fear of being raped again, and that she does not use public transportation

for the same reason. Op. Br. at 18. Plaintiff fails to explain how these citations,

---

[1] The ALJ previously incorporated into his decision the written statement Dr. Eckert had submitted in support of her medical opinion. AR 17 (citing AR 106).

especially the latter two, contradict the ALJ's conclusions. In any event, the ALJ specifically considered this evidence in his decision. AR 21, 22.

Plaintiff does not contend the ALJ made a legal error in concluding Plaintiff did not meet Listing 12.15. Nor does she offer evidence the ALJ failed to consider in his decision. In essence, Plaintiff's arguments turn on her contention that the evidence could support a different conclusion. That, however, is not the relevant standard of review on appeal. That a district court might have reached a different result is not a basis for reversal absent a showing that substantial evidence does not support the ALJ's decision. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990); *see also Fannin v. Comm'r, Social Sec'y Admin.*, 857 F. App'x 445, 448 (10th Cir. 2021) (explaining that reversing the ALJ's decision "would require us to reweigh the evidence, which exceeds the scope of substantial-evidence review."); *Bybee v. Berryhill*, No. CIV-16-1138-R, 2017 WL 3447809, at *7 (W.D. Okla. July 24, 2017) ("Plaintiff disagrees with the conclusions drawn by the ALJ, but her disagreement is centered on arguments that would impermissibly require this court to reweigh the evidence.").

VII.   Medical Vocational Guidelines

In her final argument, Plaintiff argues the ALJ should have applied the Medical Vocational Guidelines ("the Grids") and that such application would have mandated a finding of disabled. Op. Br. 18-23. Plaintiff's argument is premised on

her assertion that the ALJ should have concluded she was limited to sedentary work.

*Id.* As the ALJ did not make such a finding and this Court has already affirmed the

ALJ's RFC determination herein, Plaintiff's final argument is without merit. *See*

*Martinez v. Colvin,* No. 12–cv–003066–LTB, 2014 WL 717192, at *7 (D. Colo. Feb.

25, 2014) (finding ALJ did not err in relying on the Grids to find the plaintiff not

disabled where the plaintiff's argument required a finding that ALJ erred in

determining RFC but court had affirmed the same); *Minnick v. Astrue*, No. 08–1091–

MLB, 2009 WL 57136, at *5 (D. Kan. Jan. 8, 2001) (rejecting the plaintiff's

contention the ALJ erred in not applying the Grids where argument was premised

on the plaintiff being limited to sedentary work and ALJ had correctly concluded the

plaintiff could perform light work).

VIII. Conclusion

     Based on the foregoing analysis, the decision of Defendant is affirmed.

Judgment will issue accordingly.

     ENTERED this   28th   day of June, 2022.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE